IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03229-REB-MJW

HEALTHTRIO, LLC, a Colorado limited liability company,

Plaintiff,

v.

AETNA, INC., a Connecticut corporation,
ACTIVEHEALTH MANAGEMENT, INC., a Delaware corporation, and
MEDICITY, INC., a Colorado corporation,

Defendants.

---

## RECOMMENDATION ON
## DEFENDANTS' MOTION TO AMEND COURT'S ORDER FOR BRIEFING ON
## *MARKMAN* ISSUES (Docket No. 32)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 40) issued by Judge Robert E. Blackburn on May 30, 2013.

Now before the court for a report and recommendation is defendants' Motion to Amend Court's Order for Briefing on *Markman* Issues (Docket No. 32). The court has carefully considered the subject motion (Docket No. 32), plaintiff's response (Docket No. 35), and defendants' reply (Docket No. 38). In addition, the court held a hearing on the subject motion on June 6, 2013, and has considered the arguments made during said hearing. Finally, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and

2

recommendations.

On December 11, 2012, Judge Blackburn issued an Order for Briefing on *Markman* Issues (Docket No. 14).  Judge Blackburn's order set forth the following: (1) the joint claim construction statement, limited to fifteen (15) pages, is due ninety (90) days after an answer or other response to the complaint is filed; (2) plaintiff's brief on claim construction is due thirty (30) days after the joint claim construction statement is filed; (3) the response and reply are due as set forth in D.C.COLO.LCivR 7.1C, i.e., twenty-one (21) days for the response and fourteen (14) days for the reply; and (4) plaintiff's brief and defendants' response are limited to twenty (20) pages.

Defendants' Answer (Docket No. 24) was filed on March 4, 2013.  The subject motion (Docket No. 32), seeking to modify Judge Blackburn's order, was filed on May 1, 2013.  The parties timely filed the joint claim construction statement (Docket No. 43) on June 3, 2013.[1]

Defendants seek to amend Judge Blackburn's order.  Defendants argue that, given the scope and complexity of this case, the parties should be given three months of additional time to complete limited discovery prior to the start of the claim construction process.  Currently, plaintiff has asserted ten patents in this matter, and over 400 claims.  There are currently somewhere between 53 and 60 claim terms that need to be construed.[2]  Defendants argue that a limited amount of discovery would be

---

[1] The statement exceeds the page limitation set forth in Judge Blackburn's order by twenty-three pages.  However, the parties contemporaneously filed a stipulated motion (Docket No. 44) seeking permission to exceed the page limitation.

[2] The spreadsheet of disputed claim terms (Docket No. 43-1) filed by the parties contains 53 terms.

helpful in narrowing down the number of asserted claims, and consequently make the claim construction process more manageable.  Alternatively, defendants suggest that if the court does not follow their proposal, the court should increase the number of pages for plaintiff's brief and defendants' response from twenty (20) pages to fifty (50) pages.

In response, plaintiff argues that three months of additional fact discovery is unlikely to narrow the  disputed issues in this case.  While plaintiff shares defendants' desire to simplify the claim construction process, plaintiff argues that defendants' proposal will only serve to delay this matter.

During the June 6, 2013 hearing, the court was informed that the parties had agreed that defendants would produce its core technical documents for plaintiff on or before June 28, 2013.  Furthermore, the court and the parties discussed various ways to proceed regarding the claim construction process.

One proposal was for the parties to identify a small number of disputed claim terms which are particularly pervasive within the claims.  These limited number of "core terms" could be briefed and construed by the court first.  Then, depending on the court's construction of these terms, the number of remaining terms to be construed would likely be reduced.  If necessary, the parties could then seek a supplemental claim construction process for any remaining disputed terms.

The court asked each side to identify claim terms they considered particularly pervasive.  Each side was given an opportunity to do so, and the court placed no limit on the number of terms.  The parties identified the following nine terms:

- health care data

- universal health care code

4

- personal health record(s)

- health care record(s) / records of health care data

- participant(s)

- normalize / normalizing

- claims data

- payor claims data

- remodel / remodeled

In addition, the parties agreed that if the initial claim construction process is limited to the above terms, plaintiff's brief and defendants' response could be reduced to thirty (30) pages from the fifty (50) pages suggested by defendants.

The court finds that the above proposal is reasonable under the circumstances and will most efficiently narrow the issues without causing significant delay.  The court further finds that, given the reduced number of terms, plaintiff does not need a full thirty days to prepare its brief.  The court finds that twenty-one days from the date Judge Blackburn adopts this recommendation, or twenty-one days from defendants' disclosure of their core technical documents, which ever is later, shall be sufficient.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendants' Motion to Amend Court's Order for Briefing on *Markman* Issues (Docket No. 32) be **GRANTED** as set forth below:

1. Plaintiff's brief on claim construction, limited to the above nine terms, shall be due twenty-one (21) days from the date Judge Blackburn adopts this recommendation,

or twenty-one (21) days from the disclosure of defendants' core technical documents,
which ever is later;

2. Defendants' response and plaintiff's reply shall be due as set forth in
D.C.COLO.LCivR 7.1C;

3. Plaintiff's brief and defendants' response shall be limited to thirty (30) pages;
and

4. Following Judge Blackburn's construction of the terms, the parties shall meet
and confer to determine which remaining terms are still in dispute.  Within fourteen (14)
days of Judge Blackburn's order, the parties shall file a joint statement as to which
disputed terms remain and, if necessary, propose a briefing schedule for a
supplemental claim construction process.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),
the parties have fourteen (14)[3] days after service of this recommendation to serve
and file specific written objections to the above recommendation with the District
Judge assigned to the case.  A party may respond to another party's objections
within fourteen (14) days after being served with a copy.  The District Judge need
not consider frivolous, conclusive, or general objections.  A party's failure to file
and serve such written, specific objections waives de novo review of the
recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

---

[3] The court strongly suggests that the parties meet and confer regarding this
recommendation in an effort to either reduce the time for an objection and response, or, ideally,
stipulate to the recommendation.  The court, however, will not order that the 14 day
objection/response time be reduced.

6

**(1985), and also waives appellate review of both factual and legal questions.**

**<u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  June 10, 2013                    <u>s/ Michael J. Watanabe</u>
       Denver, Colorado              Michael J. Watanabe
                                  United States Magistrate Judge