# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 12-cv-03229-REB

HEALTHTRIO, LLC, a Colorado limited liability company,

    Plaintiff,

vs.

AETNA, INC., a Pennsylvania corporation,
ACTIVEHEALTH MANAGEMENT, INC., a Delaware corporation, and
MEDICITY, INC., a Delaware corporation,

    Defendants.

## ORDER ADOPTING RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matter before me is the magistrate judge's **Recommendation on Defendants' Motion To Amend Court's Order for Briefing on *Markman* Issues (Docket No. 32)** [#46], filed June 10, 2013;[1] and (2) the parties' **Agreed Motion To Exceed Page Limitation of Joint Claim Construction Statement** [#44], filed June 3, 2013. Relevantly, the parties have filed their **Joint Stipulation to Entry of the Magistrate's Recommendation on Defendants' Motion To Amend Court's Order for Briefing on *Markman* Issues (Docket No. 32)** [#47], filed June 11, 2013. Based on the stipulation, and the eminently reasonable proposal suggested by the magistrate judge for managing claims construction in this matter, I adopt the recommendation.

---

[1] "[#46]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

However, as it is not clear from either the recommendation or the parties' stipulation to the relief suggested therein whether an expansion of the 15-page limit on the joint claim construction statement (as opposed to the parties' briefs regarding same) is still necessary given the agreement to substantially limit the initial claim construction to a few key terms, the motion to exceed the page limitations for the joint claim construction statement will be denied without prejudice.  If one or both of the parties still believe, in good faith, that the joint claim construction statement cannot adhere to the reasonable page limitations initially imposed by the court, it or they may attempt to make a showing justifying expansion of the page limitations at that time.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation on Defendants' Motion To Amend Court's Order for Briefing on *Markman* Issues (Docket No. 32) [#46]**, filed June 10, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the extant **Order for Briefing on *Markman* Issues [#14]**, December 11, 2012, is **AMENDED** as follows:

> a. That paragraph 1 is **AMENDED** to provide that the parties' joint claim construction statement, limited to the nine terms identified in the magistrate judge's recommendation, **SHALL BE FILED** within twenty-one (21) days of the date of this order;

---

[2] Concomitantly, the **Joint Claim Construction Statement [#43]**, filed June 3, 2013, which contains proposed constructions of terms not covered by the magistrate judge's recommendation and which exceeds the page limitations set by the court is its **Order for Briefing on *Markman* Issues [#14]**, filed December 11, 2012, will be stricken.

      b.  That paragraph 5 is **AMENDED** to provide that plaintiff's brief on construction and defendant's response both **SHALL BE LIMITED** to thirty (30) pages;

      c.  That within fourteen (14) days of the date of any order on claims construction, the parties **SHALL FILE** a joint statement informing the court whether any disputed terms remain and, if necessary, proposing a briefing schedule for a supplemental claims construction process; and

      d.  That all other provisions of the **Order for Briefing on *Markman* Issues** [#14], filed December 11, 2012, **SHALL REMAIN** in full force and effect;

    3.  That the parties' **Agreed Motion To Exceed Page Limitation of Joint Claim Construction Statement** [#44], filed June 3, 2013, is **DENIED WITHOUT PREJUDICE**; and

    4.  That the parties' **Joint Claim Construction Statement** [#43], filed June 3, 2013, is **STRICKEN** for failure to comply with the page limitations set forth (and pending further order of court, still extant) in the court's **Order for Briefing on *Markman* Issues** [#14], December 11, 2012.

    Dated June 13, 2013, at Denver, Colorado.

                                         **BY THE COURT:**

                                         */s/ Robert E. Blackburn*
                                         Robert E. Blackburn
                                         United States District Judge