IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03229-REB-MJW

HEALTHTRIO, LLC, a Colorado limited liability company,

Plaintiff,

v.

AETNA, INC., a Connecticut corporation,
ACTIVEHEALTH MANAGEMENT, INC., a Delaware corporation, and
MEDICITY, INC., a Colorado corporation,

Defendants.

**ORDER REGARDING**

**PLAINTIFF HEALTHTRIO, LLC'S MOTION FOR SANCTIONS FOR VIOLATING THE PROTECTIVE ORDER BY IMPROPERLY DESIGNATING MATERIAL AND RESTRICTING ACCESS TO MATERIAL TO PERSON PERMITTED ACCESS
(Docket No. 119)**

**and**

**DEFENDANTS' MOTION TO RESTRICT PUBLIC ACCESS
(Docket No. 147)**

**Michael J. Watanabe
United States Magistrate Judge**

District Judge Robert E. Blackburn referred Plaintiff Healthtrio, LLC's Motion for Sanctions for Violating the Protective Order by Improperly Designating Material and Restricting Access to Material to Person Permitted Access (Docket Nos. 119, 121) and Defendants' Motion to Restrict Public Access (Docket Nos. 147, 148) to the undersigned. The Court has carefully considered the parties' filings (Docket Nos. 119, 120, 127, & 131 for Plaintiff's motion, and Docket Nos. 147 & 150 for Defendants' motion). The Court has also taken judicial notice of the court's file and considered the applicable

Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following findings of fact, conclusions of law, and orders.

## DEFENDANTS' MOTION TO RESTRICT

On November 7, 2014, Plaintiff filed a motion to compel certain discovery. (Docket No. 141.)[1] Plaintiff separately filed six of the exhibits to that motion as restricted-access documents, subject to the Court's approval. (Docket No. 142.) Of those six documents, Defendants' Motion to Restrict Public Access (Docket No. 147) asks that two—Docket Numbers 142-3 and 142-4, which constitute Exhibits 18 and 19 to Plaintiff's motion to compel—remain restricted.

Defendant argues that the documents include proprietary information that might lead to economic harm if available to Defendants' competitors. The Court has reviewed the exhibits and agrees that the interests to be protected by restricting access outweigh the presumption for public inspection. Accordingly, the Court GRANTS Defendants' Motion to Restrict Public Access.

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff's motion for sanctions (Docket No. 119) argues that Defendants have abused the First Amended Protective Order (Docket No. 72) in two ways. First, Plaintiff argues that Defendants have acted in bad faith by designating over 90% of the 226,834 documents produced in discovery as "Confidential - Outside Attorneys Eyes Only"

---

[1] The Motion to Compel (Docket No. 141) has also been referred to the undersigned. (Docket No. 143.) The Court will rule on that motion after Plaintiff files a reply to Defendants' response.

3

("OAEO").   Second, Plaintiff argues that Defendants have improperly refused to allow Plaintiff's General Counsel to see OAEO documents.   The Court agrees on both counts.

## A.   The Protective Order

The protective order creates three categories of documents:

- "Confidential," which is defined as "all information that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c)";

- "Confidential – Outside Attorneys' Eyes Only," which is "reserved for extremely sensitive 'Confidential' information whose disclosure to another party or nonparty would create a substantial risk of harm to the competitive position of the Producing Party"; and

- "Confidential Source Code – Outside Attorneys' Eyes Only," which applies to "[a]ny material constituting or containing non-public source code of a party's software or computer applications."

(Docket No. 72, ¶ 1(a).)   The distinction between OAEO documents and OAEO source code is not material to this motion.   (*Id.* ¶ 5 (imposing additional limitations on the form of production, as well as on use and storage, of source code).)

The protective order goes on to describe the purpose of these provisions:

Designated Material shall be so designated for the purpose of protecting the Producing Party's proprietary, confidential, commercially or competitively sensitive technical, business, financial or trade secret information, the confidential, personal or financial affairs of its employees or third parties, or other information not publicly known.   Examples of properly Designated Material include source code, trade secrets, non-public technical information, practices or methods, non-public marketing drafts, plans or strategies, product data or projections, non-public financial data, strategic business materials, or relationships with third parties, including any agreement documenting the terms of any such relationship.

4

(*Id.* ¶ 1(b).) Pursuant to the protective order, the designation is to be made on a page-by-page basis rather than a document-by-document basis. (*Id.* ¶ 1(d).) For resolving disputes over designations, the protective order provides:

> If at any time during the pendency of this litigation any party claims that information is not appropriately designated (the "Objecting Party"), the Objecting Party may serve notice of objection on the Designating Party. Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing. If the Designating Party and the Objecting Party acannot resolve the dispute, the Objecting Party may more for an order from the Court for re-designation of the disputed material. If the Objecting Party moves for an order from the Court for re-designation, the Designating Party shall bear the burden to establish that the original designation complies with the guidelines and limitations described in this Order.

(*Id.* ¶ 12.)

Designated materials can be disclosed only to certain people. With one exception, the list is the same for all three designations. All designated materials can be disclosed to outside litigation attorneys and their staff; independent consultants, experts, and litigation vendors; the court, court staff, court reporters, and the like; and certain deponents. (*Id.* ¶¶ 3(a)-(h), 4(a)-(h).) The distinction between the Confidential designation and the OAEO designation is in their treatment of the parties themselves.

As to the Confidential designation, the protective order provides that each party may designate three corporate officers who will have access "solely in connection with obtaining their advice in preparation for trial or deposition in this action . . . and provided further that each Designated Officer review and agree to be bound by this Protective Order." (*Id.* ¶ 3(i).) Plaintiff designated its CEO, its President and COO, and its General Counsel as the corporate officers with access to Confidential documents. Defendant

5

designated its Chief of Staff for Law and Regulatory Affairs, its Chief Technology Officer and Head of Product, and its CEO and President.  (*Id.* ¶ 3(i).)   After designating these six corporate officers, the protective order goes on to state: "For the avoidance of doubt, Designated Officers are not permitted access to any material designated [OAEO]."   (*Id.* ¶ 3 (flush language).)

As to the OAEO designations, the protective order states that such documents can be disclosed to "any Designated Officer listed above who is also an attorney and who agrees to be bound by the provisions of this Protective Order."   (*Id.* ¶ 4.)

**B.     Defendants' Production of Documents**

Defendants have produced 226,834 documents totaling 862,280 pages.   They have designated no pages or documents as Confidential.   About 90% of the production has been designated OAEO, and the rest is undesignated.   As a result, nearly everything Defendants have produced in discovery is off-limits not only to Plaintiff and Plaintiff's in-house counsel, but also to the specific corporate officers designated for access to Confidential documents.   Defendants have un-designated some documents at Plaintiff's request, but Plaintiff believes that, in the face of allegedly indiscriminate designation by Defendants, such document-by-document challenges put an improper burden on Plaintiff.

In Plaintiff's motion for sanctions, Plaintiff provided selections of documents it believes are improperly designated.   They include blank pages, meaningless images, irrelevant and mistakenly produced personal items, and public reports and white papers.

6

Altogether, Plaintiff alleges that these documents—which should not be designated Confidential, let alone OAEO—total in the tens of thousands of documents.

Plaintiff has requested that one of its designated corporate officers, its General Counsel, be allowed to review certain OAEO source code. Defendants have denied this request.

**C.      Over-Designating OAEO Materials**

Federal Rule of Civil Procedure 26(c) includes an implicit duty of good faith. *Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, 248 F.R.D. 598, 605 (D. Kan. 2008); *In re Ullico Inc. Litig.*, 237 F.R.D. 314, 317 (D. D.C. 2006). The Court understands that in producing nearly a quarter-million documents, mistakes will occur. But while several of the specific exhibits provided by Plaintiff might be explained away as mistakes, Defendant has not provided any satisfactory explanation as to why 90% of its production of documents belongs in a category "reserved for *extremely sensitive* 'Confidential' information" raising a "*substantial* risk of [competitive] harm." (Docket No. 72, ¶ 1(a) (emphasis added).) Defendants argue that OAEO designation is appropriate because this is a complex patent case going to the heart of Defendants' business. The Court agrees that calls for designating an unusually high portion of documents as Confidential, and an unusually high portion of those as OAEO. But 90% is an absurd number—made all the more absurd by Defendants' failure to designate a single document as Confidential but not OAEO. The Court finds that Defendants acted in bad faith by indiscriminately designating nearly their entire production of documents as OAEO.

7

Defendants argue that, pursuant to the objection process set forth in the protective order, Plaintiff may not make a blanket challenge to its designation but, rather, must challenge individual documents or pages. Defendants are wrong—because Defendants waived the provisions of the protective order by acting in bad faith. *See Procaps S.A. v. Patheon Inc.*, 2013 WL 4773433, at *7–8 (S.D. Fla. Sept. 4, 2013).

As a remedy, Plaintiff requests: (1) that Defendants be compelled to re-review and re-designate its production of documents; (2) that reimbursement for the cost of having outside counsel review documents that could have been reviewed more cheaply in-house; and (3) attorneys' fees related to the motion for sanctions. The Court agrees with the first and the third. As to the second requested remedy—reimbursement for Plaintiff's document-review costs—the Court notes that any documents that are properly designated as Confidential, rather than OAEO, would still need to be reviewed by outside counsel, and there is likely to be a high number of such documents following Defendants' re-designation.

D. **Access by Plaintiff's General Counsel**

The protective order contains two clauses concerning access to OAEO documents by the parties' designated corporate officers. The first clause is flush language in paragraph 3, following the designation of corporate officers to have access to Confidential documents. It states:

> For the avoidance of doubt, Designated Officers are not permitted access to any material designated [OAEO].

(*Id.* ¶ 3 (flush language)).) The second clause is subparagraph 4(i), one item on the list of people specifically allowed access to OAEO documents. That list includes:

> any Designated Officer listed above who is also an attorney and who agrees to be bound by the provisions of this Protective Order.

(*Id.* ¶ 4(i).)

The second clause is part of the list specifically defining the scope of disclosure for OAEO documents. It is clearly intended to be an operative clause, defining the scope of the parties' nondisclosure duty. The first clause, by contrast, is located in a different part of the protective order and contains a prefatory clause indicating that it is intended as a clarification rather than an independently operative duty. The Court finds that the parties did not intend for the flush language in paragraph 3 to limit the language in paragraph 4(i). Rather, the flush language was intended to refer to Designated Officers who are not otherwise eligible under the OAEO provisions—*i.e.*, who are not attorneys.

Plaintiff has alleged, and Defendants do not deny, that Plaintiff's General Counsel is currently a Designated Officer, is an attorney, and has agreed to be bound by the protective order. Accordingly, the Court holds that Plaintiff's General Counsel is entitled to review OAEO material, including source code, pursuant to the terms of the protective order.

Defendants argue that allowing Plaintiff's insider to have access to OAEO documents would raise an unacceptable risk of abuse or of inadvertent disclosure. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) (seminal case limiting disclosure to competitor's in-house counsel where that attorney also has a strategic or

9

competitive-decisionmaking role within business); *Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, 2003 WL 1956214, at *4–5 (N.D. N.Y. Apr. 24, 2003). Defendants' argument is waived by paragraph 4(i) of the stipulated protective order they signed. Further, the risks identified by Defendants must be balanced against the harm to Plaintiff in forcing its attorneys to try the case without the assistance of their client. *Compare Innovatier, Inc. v. CardXX, Inc.*, Case No. 08-cv-00273-PAB-KLM, 2008 WL 4889867 (D. Colo. Nov. 13, 2008) (allowing access to in-house counsel), *with BIAX Corp. v. Nvidia Corp.*, Case No. 09-cv-01257-PAB-MEH, 2009 WL 3202367 (D. Colo. Oct. 5, 2009) (denying access to in-house counsel). The burden is on Defendants to justify restrictions on the use of information, *Reed v. Nellcor Puritan Bennett & Mallinckrodt,* 193 F.R.D. 689, 690 (D.Kan. 2000), and they have not carried their burden here.

## **ORDER**

WHEREFORE, based upon these findings of fact and conclusions of law, it is hereby ORDERED that:

1. Defendants' Motion to Restrict Public Access (Docket No. 147) is GRANTED;

2. Docket Numbers 142-3 and 142-4 shall remain RESTRICTED AT LEVEL 1 under Local Civil Rule 7.2;

3. Plaintiff Healthtrio, LLC's Motion for Sanctions for Violating the Protective Order by Improperly Designating Material and Restricting Access to Material to Person Permitted Access (Docket No. 119) is GRANTED;

4. Defendants shall re-review their productions of documents in this case for purposes of re-designating each page's level of restriction under the First Amended Protective Order (Docket No. 72), to be completed within 60 days of the date of this Order;

5.  Defendants shall allow Plaintiff's General Counsel access to OAEO materials pursuant to the terms of the First Amended Protective Order (Docket No. 72);

6.  Defendants shall pay Plaintiff's attorneys' reasonable and necessary fees as to Plaintiff's motion for sanctions (Docket No. 119); and

7.  The parties shall forthwith meet and confer to see if they can agree upon the attorneys' fees.   If the parties can agree, then they shall file their stipulation concerning attorneys' fees with the Court on or before December 19, 2014. If they parties cannot agree, then Plaintiff shall file its itemized affidavit for attorneys' fees with the Court on or before December 19, 2014.   Defendant shall file its response to the Plaintiff's itemized affidavit for attorney's fees on or before December 30, 2014.   Plaintiff's reply to Defendant's response shall be filed on or before January 7, 2015.

Done this 5th day of December 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE