IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03229-REB-MJW

HEALTHTRIO, LLC, a Colorado limited liability company,

Plaintiff,

v.

AETNA, INC., a Connecticut corporation,
ACTIVEHEALTH MANAGEMENT, INC., a Delaware corporation, and
MEDICITY, INC., a Delaware corporation,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      For the following set forth below, it is hereby ORDERED that Plaintiff's Motion to Compel (Docket No. 141) is GRANTED IN PART and DENIED IN PART.  It is further ORDERED that Defendants' Motion for Leave to File Sur-Reply Memorandum in Support of Their Opposition to Plaintiff's Motion to Compel (Docket No. 172) is GRANTED.

      The Court has reviewed the parties' filings (Docket Nos. 141-144, 151-163, 166, 172-173, & 178), taken judicial notice of the court's file, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court makes the following findings of fact, conclusions of law, and orders.

1. Throughout 2013 and 2014, the parties exchanged correspondence and informal discovery requests, in which Plaintiff sought to discover Defendants' "core technical documents."  During this period, Plaintiff employed various definitions of the term -- but all of these definitions related to the same essential standard: documents "sufficient to adequately demonstrate the technical functionality of the accused systems."

2. Plaintiff has propounded one formal discovery request on the topic of "core technical documents," which it seeks to enforce in the pending motion to compel.  Dated April 29, 2013, that request sought the production of documents as follows:

      All Documents that constitute, describe, refer, or Relate to the conception, reduction to practice, creation, design, development, formulation, testing, implementation, and/or modification of the

>    Accused Instrumentalities (or any alternative variation(s), software development, software flow chart diagrams, software release notes, or beta version(s) of the Accused Instrumentalities) including, without limitation:
>
>    - workflow process diagrams;
>
>    - hardware and software architecture specifications and schematics (including documents that illustrate the integration and interpretation of the various Accused Instrumentalities);
>
>    - release notes;
>
>    - system integrator instructions or manuals;
>
>    - system installation notes; and
>
>    - end user manuals and instructions.
>
> (Docket No. 141-3, p. 11.) Plaintiff has made no showing that documents responsive to this request exist and have not been produced.

3. However, without reference to any particular formal discovery request or any particular definition of the term, on August 11, 2014, this Court ordered Defendants to provide Plaintiff with "core technical documents." (Docket No. 117.) In discussions following this Order, Defendants acknowledged that responsive documents may exist under what it considered Plaintiff's "new and drastically" different definition of the term. (Docket Nos. 141-12 through 141-15.) It appears from the parties' filings that *some* documents have been produced by Defendants at this point, pursuant to this broader definition, but the Court has not been provided with any great detail on this new production. Defendants apparently take the position that the documents produced under these new definitions were produced voluntarily, not under any duty imposed by court order or by Plaintiff's formal discovery requests.

4. Given the parties' inability to settle on a workable definition for "core technical documents," Plaintiff's dissatisfaction with the production pursuant to its April 2013 requests, and Defendants' concession that a broader definition might lead (or has led) to further responsive documents, the Court hereby ORDERS Defendant to undertake an additional search of its records for any and all documents responsive to the standards set forth in this District's Local Patent Rules 7(a) and 7(b). Defendants shall bear the cost of this production, and the production of documents shall be completed on or before February 6, 2015.

5. Further, Defendants concede that they have not produced "versioning" or "version

    control" files for their source code.  Plaintiff did not specifically request such files in their formal requests for the production of source code.  However, the parties agreed to a particular format for the production of source code in the stipulated protective order they signed: "[t]he Designating Party will produce the source code and all related files in native format and broken out by version number and, if applicable, product name and/or product model number."  (Doc. 72, pp. 9-10.)  This agreement as to the form of production trumps any semantic games as to which specific files were or were not requested in Plaintiff's formal discovery request.

6. Accordingly, Defendants are ORDERED to produce all "versioning" or "version control" files for their source code, on or before February 6, 2015.  Such files shall be produced in the same manner as previous productions of source code.

7. Plaintiff initially requested that Defendants be ordered to provide responses to certain interrogatories, but acknowledges that Defendants have now done so.  This portion of Plaintiff's motion is thus DENIED AS MOOT.

8. Plaintiff further requests various sanctions.  Because Defendants appear to have responded to the letter of Plaintiff's discovery requests, and no showing of bad faith has been made, the Court finds that sanctions would be inappropriate and unjust.  Further, Defendants have alleged, and Plaintiff has not disputed, that none of Plaintiff's own productions of documents comply with the standards Plaintiff seeks to enforce against Defendants.  Plaintiff would be well-advised to avoid such double standards in any future request for sanctions. Plaintiff's request for sanctions is DENIED.

Date:   January 7, 2015