IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03229-REB-MJW

HEALTHTRIO, LLC, a Colorado limited liability company,

Plaintiff,

v.

AETNA, INC., a Connecticut corporation,
ACTIVEHEALTH MANAGEMENT, INC., a Delaware corporation, and
MEDICITY, INC., a Colorado corporation,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby ORDERED that:

- HealthTrio's Motion for Protective Order Regarding Defendants' Notice to Depose In-House Counsel Asma Hasan, Esq. **(Docket No. 217)** is DENIED AS MOOT, WITHOUT PREJUDICE, because Defendants have withdrawn their notice of deposition of Mr. Hasan. (*See* Docket No. 219.)

- Defendants' Motion to Quash and for a Protective Order **(Docket No. 211)** is GRANTED IN PART and DENIED IN PART. Plaintiff has shown that Mark Bertolini, Defendants' CEO and Chairman of the Board, has first-hand knowledge of relevant factual information dating from his time (before becoming CEO and Chairman) as manager of the relevant divisions and projects; this showing is sufficient to overcome Mr. Bertolini's affidavit to the contrary filed by Plaintiff. However, Plaintiff has *not* shown that any of the facts known to Mr. Bertolini are unique to him and cannot be acquired through the deposition of lower ranking employees; indeed, it seems likely that such employees have superior knowledge. Applying this District's precedent on the apex doctrine, *see, e.g.*, *Naylor Farms Inc. v. Anadarko OGC Co.*, Case No. 11-cv-01528-REB-KLM, 2011 WL 2535067 (D. Colo. June 27, 2011), the Court finds that the better course of action is to QUASH the subpoena for the time being. If, after conducting the Rule 30(b)(6) depositions, Plaintiff can demonstrate (1) that the deposed individuals were unable to answer questions about specific matters and (2) that Mr. Bertolini can be

        expected to be able to answer those questions, Plaintiff may file a motion seeking the Court's leave to depose Mr. Bertolini.

Date: May 5, 2015